<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4743**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

SHAWN SADLER, a/k/a Tangulifu M. Barber, a/k/a Carlos Watts,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Cameron McGowan Currie, District Judge.  (3:04-cr-00330-CMC-5)

_____

Submitted:  June 24, 2009      Decided:  September 9, 2009

_____

Before TRAXLER, Chief Judge, and WILKINSON and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

William W. Watkins, Sr., Columbia, South Carolina, for Appellant.  W. Walter Wilkins, United States Attorney, Nancy C. Wicker, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Shawn Sadler of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (2006), and the district court sentenced Sadler to 240 months' imprisonment. On appeal, Sadler's counsel contends that the district court erred in denying the motion to suppress currency seized from the vehicle Sadler was driving and all other evidence, including Sadler's statements, obtained by law enforcement officers after the vehicle search. Finding no error, we affirm.

We review the factual findings underlying the denial of a motion to suppress for clear error and the court's legal conclusions de novo. United States v. Branch, 537 F.3d 328, 337 (4th Cir. 2008), cert. denied, 129 S. Ct. 943 (2009). The evidence is construed in the light most favorable to the prevailing party below. United States v. Uzenski, 434 F.3d 690, 704 (4th Cir. 2006).

"[T]he protections of the Fourth Amendment do not bear on every encounter between a police officer and a member of the public; it is only when a 'search' or a 'seizure' has occurred that the Fourth Amendment comes into play." United States v. McCoy, 513 F.3d 405, 411 (4th Cir.) (citation omitted), cert. denied, 128 S. Ct. 2492 (2008). Thus, when the deputy approached Sadler, identified himself, and inquired why Sadler

2

was in the neighborhood, a seizure had not yet occurred. See id. ("If all that is involved is the officer approaching a person, announcing that he is an officer, and asking if the person would be willing to answer some questions, then no reasonable suspicion is required because no seizure has occurred." (internal quotation marks and citation omitted)); see also Terry v. Ohio, 392 U.S. 1, 20 n.16 (1968) (stating a seizure implicating the Fourth Amendment does not occur until an "officer, by means of physical force or show of authority, has in some way restrained the liberty of" the individual).

Moreover, "the police can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot,' even if the officer lacks probable cause." United States v. Sokolow, 490 U.S. 1, 7 (1989) (quoting Terry, 392 U.S. at 30). Based on the totality of the circumstances, the deputy had a reasonable suspicion to continue his inquiry beyond the initial encounter with Sadler. See United States v. Perkins, 363 F.3d 317, 321 (4th Cir. 2004) (considering the totality of the circumstances, "giv[ing] due weight to common sense judgments reached by officers in light of their experience and training" in assessing Terry stop). Finally, the search was proper as Sadler voluntarily gave his consent. See Schneckloth v. Bustamonte, 412 U.S. 218, 219

3

(1973) ("[O]ne of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent."). Therefore, we conclude the district court properly denied the motion to suppress.

Accordingly, we affirm the judgment of the district court. We deny Sadler's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED